IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

MICHAEL OWLFEATHER GORBEY, :

    Plaintiff, :

v. :     Civil Action No.: GLR-19-1530

RICHARD D. BENNETTT, et al., :

    Defendants. :

## MEMORANDUM OPINION

THIS MATTER is before the Court on Plaintiff Michael Owlfeather Gorbey's Complaint (ECF No. 1) and Motion for Leave to Proceed In Forma Pauperis (ECF No. 2). For the reasons set forth below, the Court will dismiss the Complaint because it fails to comply with the requirements of 28 U.S.C. § 1915(g) (2018) and does not pass 28 U.S.C. § 1915(e) (2018)'s screening provisions. The Court will also deny Gorbey's Motion For Leave to Proceed In Forma Pauperis.

### I.     BACKGROUND

Gorbey is a prisoner committed to the custody of the Federal Bureau of Prisons ("BOP") at the Federal Correctional Institution in Cumberland, Maryland ("FCI-Cumberland"). (Compl. at 1, ECF No. 1). In his Complaint, Gorbey brings seven "grounds" for relief, which the Court construes as claims. Gorbey's first claim asserts that all of the named Defendants have conspired to commit "false imprisonment leading to imminent danger" based on his continued assignment to the segregated housing unit ("SHU") following a disciplinary hearing. (Id. at 2). Gorbey states that the hearing, which took place

on March 20, 2019, did not result in an active sentence for disciplinary segregation, but he was nevertheless kept in segregation. (Id.). Defendant Captain Felix told Gorbey he was being held in the SHU for rescoring of his classification which would add three points to his "custody points." (Id.). Gorbey alleges that the rescoring was done to "knowingly cause adverse effects to Gorbey's custody points that would otherwise score differently on the compound." (Id. at 2–3).

Related to the first claim, Gorbey's second claim is that his transfer to another prison as a result of his segregation confinement and related increase in custody points is unconstitutional. (Id. at 3–4). In this claim, Gorbey makes clear that he was convicted of the rule violation for possessing a controlled dangerous substance, K2. (Id. at 3). He asserts that the "[e]xcessive lighting and things and denial of treatment for (months more) seriously effecting his glaucoma" places him in imminent danger. (Id.). He states, "prisons cannot transfer inmates to punish them for complaining or to [impede] or moot lawsuits." (Id. at 4).

In his third claim, Gorbey alleges that the Disciplinary Hearing Officer ("DHO"), Mr. Huff, allowed Gorbey to sit in administrative segregation for seventy days in retaliation for Gorbey's request for a staff representative at his hearing and "then deliberately convicted Gorbey on a bogus 113 that is due to be expunged" for "multiple due process and equal protection violations." (Id.). In Gorbey's view, his due process rights were violated because a staff member who "took significant part in the incident" also conducted the drug field test. (Id.). Gorbey contends that the testing procedure used in his case is unreliable and a second test to confirm the result was not conducted. (Id. at 5). Gorbey also

alleges a violation of his equal protection rights because inmates who are charged with possession of suboxone or have a positive urine test receive automatic lab tests while those charged with possession of K2 do not. (Id.). He adds that BOP staff failed to protect evidence in his case and insists that his disciplinary conviction will ultimately be expunged. (Id.).

Gorbey brings his fourth claim against Richard D. Bennett, District Judge for the United States District Court for the District of Maryland. (Id. at 6). Gorbey alleges that the Judge Bennett has been "colluding with" BOP staff in the cases he has filed with this Court seeking to challenge "point manipulations" and "transfers." (Id.). Gorbey previously filed an emergency 28 U.S.C. § 2241 habeas corpus petition for an injunction in this Court. (Id.). Gorbey contends that Judge Bennett "impeded" his petition by dismissing it, requiring him to file another petition which Judge Bennett also dismissed. (Id.). Gorbey asserts that judicial immunity does not protect Judge Bennett in this case because his cases were not docketed and Judge Bennett was "colluding outside the court." (Id. at 6–7). Gorbey concludes that the United States and the Administrative Offices for the Federal Judiciary are liable for Judge Bennett's actions. (Id. at 7).

In his fifth claim, Gorbey pleads that Matthew Mellady, Regional Counsel for the BOP's Mid-Atlantic Region, has been denying Gorbey's tort claims against the BOP "for years now." (Id. at 8). Gorbey explains that Mellady has been denying all of Gorbey's regional appeals, especially those for medical care. (Id.). These appeals include: denial of glaucoma treatment; denial of lower bunk status; denial of treatment for foot injury; denial

3

of medical shoes; and exposure to black mold. (Id.). Gorbey states that Mellady's actions are keeping him in "imminent danger." (Id.).

Gorbey's sixth claim alleges that Mr. Taylor, who is the Trust Fund Supervisor for FCI-Cumberland, refused to complete court-ordered trust account statements. (Id.). Gorbey believes that Taylor has refused to do so in order to deliberately impede his access to courts while Gorbey is under imminent danger. (Id.). Gorbey does not expand upon the alleged imminent danger; rather, he simply concludes that all of his efforts to litigate claims concern matters of imminent danger. (Id.).

In his seventh claim, Gorbey asserts that he has been denied proper medical care which "places him in imminent danger[ ]." (Id. at 9). Gorbey states that he was denied a lower bunk assignment, denied issuance of medical shoes, denied medical treatment for a foot injury, denied treatment for glaucoma, and has been exposed to black mold. (Id.).

Gorbey seeks: $250,000.00 from each Defendant; "all point manipulations removed;" an injunction against a transfer or in the alternative, an order to have him stay within the State of Maryland so he can complete his Maryland state-court remedies. (Id. at 9).

On March 27, 2019, Gorbey filed the instant Complaint in the United States District Court for the District of Columbia. (ECF No. 1). The case was transferred to this Court on May 23, 2019. (ECF Nos. 4, 5).

## II. DISCUSSION

### A. Standard of Review

Gorbey has accumulated more than three strikes for filing frivolous actions in federal court during his present term of incarceration.[1] As a consequence, Gorbey must either pay the full $400.00 filing fee when filing a complaint with this Court, or he must provide some evidence that his complaint concerns an imminent threat of physical harm. See 28 U.S.C. § 1915(g). Gorbey filed his Complaint with a Motion for Leave to Proceed In Forma Pauperis, and therefore, Gorbey's case may not proceed unless his claims involve an imminent threat of physical harm.

Courts have held that the "imminent danger" exception to § 1915(g)'s "three strikes" rule must be construed narrowly and applied only "for genuine emergencies," where "time is pressing" and "a threat . . . is real and proximate" to the alleged official misconduct. Lewis v. Sullivan, 279 F.3d 526, 531 (7th Cir. 2002). "The exception focuses on the risk that the conduct complained of threatens continuing or future injury, not on whether the inmate deserves a remedy for past misconduct." Martin v. Shelton, 319 F.3d

---

[1] See Gorbey v. State of Virginia, et al., No. 11-164-RAJ-FBS (E.D.Va. dismissed Mar. 8, 2011); Gorbey v. District of Columbia, No. 10-1751-UNA (D.D.C. dismissed Nov. 15, 2010); Gorbey v. U.S.A., et al., No. 08-121-REM-JES (N.D.W.Va. dismissed July 7, 2010); Gorbey v. U.S.A., et al., No. 09-313 (S.D.W.Va. dismissed Sept. 30, 2009); Gorbey v. U.S.A., et al., No. 09-262-UNA (D.D.C. dismissed Feb. 10, 2009); Gorbey v. District of Columbia, et al., No. 09-261-UNA (D.D.C. dismissed Feb. 10, 2009); Gorbey v. U.S. Military, et al., No. RBD-08-339 (D.Md. dismissed Feb. 25, 2008); Gorbey v. U.S. Military, et al., No. RDB-08-334 (D.Md. dismissed Feb. 25, 2008); Gorbey v. U.S.A., et al., No. RDB-08-332 (D.Md. dismissed Feb. 20, 2008); Gorbey v. U.S.A., et al., No. 08-649-UNA (D.D.C. dismissed May 22, 2008); Gorbey v. U.S.A., et al., No. 08-649-UNA (D.D.C. dismissed May 22, 2008).

1048, 1050 (8th Cir. 2003). The bar for establishing imminent danger, though high, is not insurmountable. As the United States Court of Appeals for the Seventh Circuit explained:

> If limited to situations in which, say, a beating is ongoing, no prisoner will find solace; once the beating starts, it is too late to avoid the physical injury; and once the beating is over the prisoner is no longer in "imminent danger" . . . . Reading the imminent-danger language this way would make it chimerical, a cruel joke on prisoners.

Lewis, 270 F.3d at 531. Absent a valid allegation of imminent danger, the prisoner who has had "three prior cases dismissed as frivolous, malicious, or failing to state a claim for which relief may be granted . . . generally must pay up-front all filing fees for his subsequent suits." Blakely v. Wards, 701 F.3d 995, 997 (4th Cir. 2012), opinion amended and superseded, 738 F.3d 607 (4th Cir. 2013), as amended, (Oct. 22, 2013).

The Court must also screen Gorbey's Complaint to determine if the claims raised are "frivolous, malicious or fail[ ] to state a claim upon which relief may be granted, or seek[ ] monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b)(1),(2) (2018); see also 28 U.S.C. § 1915(e)(2). In doing so, the Court is mindful, however, of its obligation to liberally construe self-represented pleadings, such as the instant Complaint. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)); accord Brown v. N.C. Dep't of Corr., 612 F.3d 720, 722 (4th Cir. 2010). In evaluating such a complaint, the factual allegations are assumed to be true. Erickson, 551 U.S. 89 at 93 (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555–56 (2007)). Nonetheless, liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a cognizable claim. See Weller

6

v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990); see also Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

B.  **Analysis**

The imminent threats Gorbey alleges in the instant complaint are matters that this Court has already addressed. In Gorbey v. Dunbar, et al., No. RDB-18-2754 (D.Md. 2018), Gorbey alleged that he was in imminent danger of physical harm because BOP staff refused to assign him to a lower bunk; refused to issue medical shoes; were not treating his glaucoma; and he was exposed to black mold.[2] Apr. 24, 2019 Mem. Op. at 3–8, Gorbey v. Dunbar, et al., No. RDB-18-2754, ECF No. 46. Gorbey also alleged that the Finance Officer at FCI Cumberland had improperly refused to provide him with an Inmate Account Statement and that this Court had "colluded" with the BOP when it issued an Order requiring an Account Statement to be filed. Compl. at 1, Gorbey v. Dunbar, et al., No. RDB-18-2754, ECF No. 1. After requiring Defendants in that case to respond to the allegations, this Court concluded that none of Gorbey's claims involved an imminent danger of physical harm. Apr. 24, 2019 Mem. Op. at 12–13, Gorbey v. Dunbar, et al., No. RDB-18-2754. Specifically, this Court found that Gorbey was not in danger of imminent physical harm because: he did not qualify for lower bunk assignment or issuance of medical shoes; he was being treated for glaucoma; and there was no evidence that he was ever

---

[2] See also Gorbey v. Mubarek, et al., No. RDB-19-220 (D.Md. 2019), in which Gorbey asserts claims regarding glaucoma treatment, cuffing orders, hypoglycemia treatment, and chest pains. A response to the medical care claims is pending. The additional claims regarding Gorbey's transfer and an alleged attempt to expose him to the ire of other inmates were dismissed. See Apr. 30, 2019 Mem. Op. & Order, Gorbey v. Mubarek, et al., No. RDB-19-220, ECF Nos. 9, 10.

7

exposed to mold found growing in a dishwasher in the prison kitchen that was determined by testing not to be toxic. Id. This Court granted Gorbey twenty-eight days to pay the remainder of the filing fee and he was forewarned that the failure to do so would result in dismissal of the complaint. Id. at 14; Apr. 14, 2019 Order, Gorbey v. Dunbar, et al., No. RDB-18-2754, ECF No. 47. Gorbey appealed, and the appeal is still pending. Not. App., Gorbey v. Dunbar, et al., No. RDB-18-2754, ECF No. 48.

Similarly, Gorbey has raised in this Court several iterations of the claims in the instant Complaint regarding his imminent transfer and the alleged impropriety of his disciplinary charges. In Gorbey v. Federal Bureau of Prisons, et al., No. RDB-19-360 (D.Md. 2019), a petition for writ of habeas corpus, Gorbey alleged that he was illegally transferred to the State of Maryland from the District of Columbia. Feb. 15, 2019 Order at 1–2, Gorbey v. Federal Bureau of Prisons, et al., No. RDB-19-360, ECF No. 4. In his view, the transfer bestowed upon him irrevocable asylum entitling him to an injunction prohibiting his transfer elsewhere. Id. at 2. After observing that Gorbey is not in the custody of the State of Maryland; rather, he is federal prisoner by virtue of his conviction in the District of Columbia, the Court dismissed the petition for failure to assert a cognizable habeas claim. Id. Gorbey appealed the dismissal of his petition and the appeal remains pending. Not. App., Gorbey v. Federal Bureau of Prisons, et al., No. RDB-19-360, ECF No. 5.

Gorbey then filed a similar claim in Gorbey v. State of Maryland, No. RDB-19-788 (D.Md. 2019), which the Court also dismissed. Apr. 5, 2019 Order, in Gorbey v. State of Maryland, No. RDB-19-788, ECF No. 3. In that petition, Gorbey again challenged the

validity of his transfer across state lines into the State of Maryland and claimed that § 24-201.26 of the D.C. Code is unconstitutional and otherwise illegal. Apr. 5, 2019 Mem. Op. at 1, Gorbey v. State of Maryland, No. RDB-19-788, ECF No. 2. In dismissing this petition this Court observed that "Gorbey's entire claim is premised on his assertion he is in the custody of the State of Maryland; he is not. It is well settled law that defendants convicted of criminal offenses in the D.C. courts are in the legal custody of the Federal Bureau of Prisons." Id. at 2. Gorbey appealed this decision and the appeal remains pending. Not. App., Gorbey v. State of Maryland, No. RDB-19-788, ECF No. 5.

Likewise, Gorbey's claims regarding the disciplinary proceedings against him and the "point manipulations" which he claims are retaliatory are also familiar to this Court. In Gorbey v. Warden F.C.I. Cumberland, No. RDB-19-715 (D.Md. 2019), Gorbey challenged the validity of the field tests used to confirm his possession of K2, claiming that they violated both his due process and equal protection rights. Apr. 4, 2019 Mem. Op. at 1–2, Gorbey v. Warden F.C.I. Cumberland, No. RDB-19-715, ECF No. 4. Gorbey also alleged that he was being discouraged from requesting a staff representative at his pending disciplinary hearing. Id. at 2. This Court dismissed the petition because it declined to weigh in on the validity of pending disciplinary charges against Gorbey before a conclusion regarding his guilt had been reached. Id. at 5–6. Gorbey's appeal in that matter remains pending. Not. App., Gorbey v. Warden F.C.I. Cumberland, No. RDB-19-715, ECF No. 6.

In another similar action, Gorbey sought an injunction against the BOP to stop his planned transfer until he had exhausted BOP and court remedies related to his disciplinary charges for possession of K2. See Gorbey v. U.S. Attorney General, et al., No. RDB-19-

9

1275 (D.Md. 2019). In that petition, he alleged that his conviction of the charge would inevitably be overturned and that the additional points added to his custody score were being used to process him for a transfer. May 3, 2019 Order at 2–3, Gorbey v. U.S. Attorney General, et al., No. RDB-19-1275, ECF No. 4. He further stated that he had "two major Maryland State cases pending over detainers and extr[a]dition that will be mooted by a transfer being irreparable and other damages." Id. at 2. This Court dismissed the petition on May 3, 2019, observing:

> This Court has already considered Gorbey's claims regarding the field test procedures for suspected controlled substances and found that Gorbey's challenge to the disciplinary charges along with his assignment to administrative segregation was prematurely filed. Gorbey filed an appeal in that case which is now pending.
>
> Gorbey's assertion that if he is transferred he will suffer irreparable injury because his Maryland State cases will be made moot is also a matter that has already been considered by this Court. In that Petition for Writ of Habeas Corpus, Gorbey, who was tried and convicted in the District of Columbia, alleged that he had been illegally extradited across state lines into the State of Maryland and that his claim would soon be made moot if the Federal Bureau of Prisons is allowed to transfer him to a facility located in another State.

Id. at 2–3 (internal citations and footnote omitted).

Relying on its conclusions in Gorbey v. Federal Bureau of Prisons, et al., No. RDB-19-360, this Court further observed:

> The premise of Gorbey's assertions regarding his "transfer" outside of the District of Columbia is without merit. As the Fourth Circuit Court of Appeals has observed:
>
>> District of Columbia offenders . . . are placed in the BOP's custody by statutory authority, not as

10

> a matter of convenience. Section 24–201.26 of the D.C.Code provides that '[a]ll prisoners convicted in the District of Columbia for any offense . . . shall be committed . . . to the custody of the Attorney General of the United States or his authorized representative, who shall designate the places of confinements where the sentences of all such persons shall be served.'
>
> Thus, contrary to Gorbey's assertions, extradition proceedings were not required before he was transferred from one BOP facility to another, regardless of the fact that the facilities are in different states.
>
> This Court further noted that Gorbey's claim that his transfer presented a potential for imminent harm to his legal rights was without merit because he does not have a constitutional right to be incarcerated in one prison versus another and nothing in that petition indicates that the District of Columbia would be deprived of jurisdiction over Gorbey's challenge to his District of Columbia conviction if Gorbey were transferred. Gorbey filed an appeal of this dismissal which remains pending. Similarly, Gorbey's transfer to another federal prison does not deprive him of an opportunity to challenge the validity of his disciplinary infraction.

Id. at 2–3 (internal citations and footnote omitted). Gorbey has not filed an appeal of this Court's dismissal in that civil action.

Here, the instant Complaint differs from Gorbey's prior litigation in this Court in only one respect: he adds a claim against Judge Bennett and the Administrative Offices of the Courts based on his belief that his efforts to file litigation in this Court have been thwarted because his petitions were not docketed. As demonstrated by the lengthy history of Gorbey's filings in this Court, nothing he has filed was dismissed without the pleading being first docketed and processed in due course. Gorbey's claim is a thinly veiled attempt to skirt the obvious judicial immunity bar to seeking civil damages against a judge for the

11

content of the decisions issued in Gorbey's cases. See Mireles v. Waco, 502 U.S. 9, 9–10 (1991) (per curiam) (doctrine of judicial immunity shields judges from monetary claims and serves to protect judges from damages suits entirely). Thus, the Court concludes that absolute judicial immunity bars Gorbey's claim against Judge Bennett.[3] Accordingly, the Court will dismiss this claim.

In sum, Gorbey has not established that he is in imminent danger of a physical harm and he is therefore not entitled to proceed in forma pauperis. Further, the claims asserted in his Complaint do not state a claim upon which relief may be granted and Judge Bennett is entitled to absolute judicial immunity.

### III. CONCLUSION

For the foregoing reasons, the Court will deny Gorbey's Motion for Leave to Proceed In Forma Pauperis (ECF No. 2) and dismiss the Complaint (ECF No. 1) pursuant to 28 U.S.C. § 1915(e). The Court will direct the Clerk to issue a "strike." A separate Order follows.

6/27/2019  
Date

_____/s/_____  
George L. Russell, III  
United States District Judge

---

[3] Further, despite Gorbey's assertions that Judge Bennett's alleged conduct puts him in "imminent danger," none of his allegations permit the Court to infer that he is in imminent physical danger such that Gorbey should be allowed to proceed in forma pauperis.